2010-1539
POWERS KIRN, LLC
William M. E. Powers III
728 Marne Highway, Suite 200
Moorestown, NJ 08057
856-802-1000
Attorney for Wells Fargo Bank, N.A.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>Alfred Gary<br>aka Al Gary<br><br>**Debtor(s)** | : CASE NO. 15-31025-JKS<br>:<br>: CHAPTER: 13<br>:<br>: HEARING DATE: 01/14/2016  9:00 am<br>: |

## OBJECTION TO CONFIRMATION

| | |
|---|---|
| Alfred Gary<br>aka Al Gary<br>410 Whitewood Road<br>Englewood NJ  07631 | Bruce H. Levitt, Esquire<br>515 Valley Street, Suite 140<br>Maplewood NJ  07040 |

Marie-Ann Greenberg, Trustee
30 Two Bridges Road, Suite 330
Fairfield NJ  07004

PLEASE TAKE NOTICE that Wells Fargo Bank, N.A., through its attorney hereby objects to confirmation of the plan on grounds including:

1.      Debtor's plan has been proposed in bad faith.  Wells Fargo Bank, N.A., foreclosed its mortgage in the Superior Court of New Jersey, Chancery Division, Morris County in the action, *Wells Fargo Bank, N.A. v. Alfred Gary*, Docket No. F-21099-10.

2.      On October 30, 2015, premises 410 Whitewood Road, Englewood, NJ were sold at sheriff sale to John Quattro by the Sheriff of Bergen County.

3.  On November 7, 2015, Alfred Gary filed a bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey under Case No. 15-31025-JKS, pursuant to Chapter 13.

4.  Pursuant to the controlling precedent of *In re Connors*, 497 F.3d 314 (3d Cir.2007), the redemption period expired on January 6, 2016. Consequently, debtor lacks any property interest in the subject realty.

5.  The bankruptcy proceeding appears to have been filed for the purpose of preventing the Sheriff of Morris County from delivering the Sheriff's Deed to the third party purchaser, John Quattro.

6.  The plan materially under estimates the pre-petition arrears claim of Wells Fargo Bank, N.A., which is due arrears in the approximate amount of $250,000.00. A proof of claim will be filed prior to the deadline for filing claims.

7.  The plan as proposed appears to contemplate that there will be no cure unless or until a loan modification is achieved. The requirements of 11 U.S.C. §1322(d)(1) or 11 U.S.C. §1322(d)(2) do not provide for payment over a period longer than 5 years. Moreover, the debtor is obligated to cure the arrears due to the objecting creditor within a reasonable time pursuant to 11 U.S.C. §1322(b)(5).

8.  The plan has been proposed in bad faith and by means forbidden by law by proposing to modify the rights of the objecting creditor in violation of 11 U.S.C. 1322(b)(2) inasmuch as the objecting creditor's claim is secured solely by a residence, 410 Whitewood Road, Englewood NJ. The plan at Part 1, Paragraph (c). proposes a loan modification where there is no loan modification in place. The plan fails to satisfy the confirmation requirements of 11 U.S.C. §1325(a)(1) and 11 U.S.C. §1325(a)(3).

9. Debtor's plan fails to provide the objecting creditor with adequate protection inasmuch as there does not exist any equity cushion under debtor's estimated value of the asset, and therefore, the plan as proposed is proposed in violation of 11 U.S.C. §361. The reduced monthly payment proposed will not cure arrears, but rather contribute to the accumulation of post-petition arrears. Likewise, there is no provision for post-confirmation adequate protection payments under Part 2 b. of the plan. Accordingly, the plan fails to satisfy the confirmation requirement of 11 U.S.C. §1325(a)(1).

10. Debtor's plan is infeasible inasmuch as debtor's own schedules are premised upon unrealistic and overly optimistic budgeting. The budgeting set forth on schedule "J" shows excess income over expenses of $1,304.62. The debtor is proposing to dedicate $1,300.00 per month to fund the plan, which sum is inadequate to satisfy the objecting creditor's claim. Furthermore, the budgeting is largely funded by non-debtor family contributions. Accordingly, the plan cannot satisfy the feasibility requirement of 11 U.S.C. §1325(a)(6), and therefore, confirmation is properly denied. Thus, the debtor lacks adequate regular income to fund a plan, and therefore, the plan fails to satisfy the confirmation requirements of 11 U.S.C. §1325(a)(1), 11 U.S.C. §1325(a)(3), and 11 U.S.C. §1325(a)(6).

TAKE FURTHER NOTICE that the objecting creditor's attorneys shall be appearing at the confirmation hearing(s) and requesting a counsel fee to prosecute its objections.

POWERS KIRN, LLC

/s/ William M. E. Powers III
BY: William M. E. Powers III

DATED: January 7, 2016